PROB. 12B
(7/93)

ORIGINAL

# United States District Court

## for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 29 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: DAVID G. ZERFOSS          Case Number: 04-00142DAE-01

Name of Sentencing Judicial Officer:   The Honorable David Alan Ezra
                                       U.S. District Judge

Date of Original Sentence: 1/8/2005

Original Offense:   POSSESSION OF CHILD PORNOGRAPHY, in violation of
                    18 U.S.C. § 2252(a)(4), a Class C felony

Original Sentence:  The defendant is hereby committed to the custody of the
                    United States Bureau of Prisons to be imprisoned for a total term of
                    18 months. Upon release from imprisonment, the defendant shall
                    be on supervised release for a term of 3 years with the following
                    special conditions: 1) Defendant shall participate in a substance
                    abuse program, which may include drug testing at the discretion
                    and direction of the Probation Office; 2) Defendant shall register
                    with the state sex offender registration agency in the state where
                    the defendant resides, works, or is a student, as directed by the
                    Probation Office; 3) Defendant shall submit his person, residence,
                    place of employment, or vehicle to a search conducted by the U.S.
                    Probation Office at a reasonable time and in a reasonable manner,
                    based upon reasonable suspicion of contraband or evidence of a
                    violation of a condition of supervision. Defendant shall also submit
                    to periodic unannounced examinations of his computer and
                    computer accessories as well as provide access to his internet
                    service provider account records, as directed by the Probation
                    Office. Failure to submit to a search may be grounds for revocation.
                    Defendant shall warn any other resident that the premises may be
                    subject to search pursuant to this condition; 4) Defendant may
                    change his residence only with the advance approval of the
                    Probation Office; 5) Defendant shall participate in sex offender
                    assessment and treatment and abide by the policies and
                    procedures of the program, which may include the plethysmograph,
                    polygraph, and other types of testing, as approved by the Probation

Prob 12B
(7/93)

2

Office; 6) Defendant shall not have any type of contact (including written materials, communication devices, audio and visual devices, visits, or through a third party), with children under the age of 18 or the victim(s), except in the presence of an adult who is aware of the nature of the defendant's offense and who has been approved by the Probation Office; 7) Defendant shall not view, purchase, possess, or distribute any form of child pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material is available; 8) Defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material is the primary product for sale or entertainment is available; and 9) That the fine of $25,000 is due within 30 days of sentencing. That the bond of $10,000 be applied to the payment of the fine.

<u>Type of Supervision:  Supervised Release     Date Supervision Commenced:  7/3/2006</u>

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

**General Condition:**  *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.*

**Special Conditions:**  *10) That the defendant is prohibited from possessing or accessing any computer or computer network that can, or has had, access to the Internet, unless it is work-related and shall not frequent places where the Internet is available for public use without the prior approval of the Probation Office.*

*11) That the defendant is prohibited from possessing and accessing any computer hardware and software or any other electronic device, including WebTV, that facilitates access to electronic mail (e-mail), web browsers, and Internet services, unless it is work-related, without the prior approval of the Probation Office.*

Prob 12B
(7/93)

3

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 9 | On or about the week of 8/10/2007, the offender associated with a person engaged in criminal activity. |
| 2. Special Condition No. 7<br>Special Condition No. 8 | That on 1/16/08 the offender admitted that in or about the months of November 2007 through December 2007, he viewed child and adult pornography depicting sexually explicit conduct that was not approved for treatment purposes. |

On 1/2/2008, the offender reported that he inadvertently opened email from unknown sources. The e-mail included attachments that led to different websites. He went to the home page of the websites. One of the websites contained an image of minor girls engaged in sex acts. The offender reported that he immediately closed the attachments and deleted the emails.

On 1/11/2008, the offender submitted to a maintenance polygraph examination, that is part of the Court-ordered sex offender treatment regimen. In the preparation for the polygraph examination, the offender was asked a series of questions. In his responses to these questions, he made pre-test admissions and divulged that he accessed a website that contained the pornographic image as he had previously admitted to this officer on 1/2/2008. During the polygraph examination, the offender denied accessing any other pornographic websites, other than what he disclosed during the pre-test admissions. The polygraph exam was conducted and the offender was found to be deceptive. It is noted that the polygraph examination was composed of four questions. The questions were relative to using the internet to search for pornography, sending or receiving pornographic images, viewing pornography, and whether the offender downloaded pornography. It cannot be conclusively determined as to which specific question the offender provided a deceptive response. Because the polygraph examination was imposed as a tool to be used in the validation of the offender's treatment progress in the various sex offender treatment modalities, the polygraph examination results will not be not used as the supporting evidence of a violation. Rather, the supervision violations in this case is based on the offender's admissions made to this officer.

On 1/15/2008, the Probation Office executed a search of the offender's residence and vehicle. Based on the offender's admission regarding his access to pornography, the offender's desktop computer and digital media were recovered from his residence. The following items were recovered during the search: 12 - Compact disks (CD's); 1 - Scan disk micro cruzer flash drive; 1 - Sony memory stick 1GB; and 1 - VHS tape labeled "Dave." A search of the offender's computer will be conducted by certified computer forensics examiners with the Federal Bureau of Investigation.

Prob 12B
(7/93)

4

On 1/16/2008, a post-search interview was conducted with the offender. The offender admitted that in or about the months of November 2007 through December 2007, he had been going to the "homepages" of "adult" porn websites about two to three times per week. He stated that he received email and went to the sites that were attachments to the email. The offender did not believe that accessing email attachments was similar to "searching" by using a "search engine." The offender denied accessing any websites that contained child pornography, aside from the one website he disclosed to this officer on 1/2/2008. He stated that he now sees that going to the adult pornography sites was a violation of the special condition.

In response to the violations, the offender agreed to the imposition of additional special conditions that would prohibit his use of a computer that had or has access to the internet including email, except for work related purposes only. The offender relies on internet access for stock trading. The offender will change his email address and use the new address for work purposes only. Other modifications of the supervision conditions include an amended General Condition that includes post-Stephens language for continued random drug testing. The offender was also questioned about his disclosure during the polygraph examination regarding being in the presence of someone on or about the week of 8/10/2007, who used marijuana while on travel to his brother's residence in Chicago. He was informed that being in the presence of someone using illicit substances was a violation. The offender was counseled on ways to handle this type of situation in the future. It is noted that the Presentence Report indicates that the offender consistently used marijuana for 20 years preceding the instant offense. The offender placed himself at risk of using marijuana based on his poor judgement to remain in the presence of an individual who was smoking marijuana. A urine specimen collected on 1/16/2008 tested negative for illicit drugs.

Based on the offender's supervision adjustment, revocation at this time is not recommended. The offender continues to reside with his wife. The offender is retired. He worked for approximately 35 years as a Senior Vice President and Chief Investment Officer for Bank of Hawaii and Central Pacific Bank. At the direction of this office, approximately 4 months ago, the offender secured a volunteer position with Hawaii Literacy, teaching adults to read. In addition, the offender has been compliant with his sex offender treatment program and is willing to continue to address the issues in treatment. The offender is otherwise in compliance with the supervision conditions at this time.

In considering the offender's willingness to address his issues in treatment in addition to his otherwise satisfactory adjustment, we respectfully recommend that the Court take no action on the violations at this time. We will continue to closely monitor the offender's activities through the use of recurring polygraph testing that is intended to corroborate information gathered during our enforcement of the supervision conditions and his self-reported information as to his compliance. The recommended additional special conditions are intended to minimize the offender's exposure and access to the internet for non-work related purposes. Furthermore, the more restrictive conditions are

Prob 12B
(7/93)

Prob 12B
(7/93)

5

intended to address the offender's propensity to view prohibited materials that are detrimental towards his treatment goals and that serve as a gateway to more deviant behaviors.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 1/24/2008

THE COURT ORDERS:

[✓]   The Modification of Conditions as Noted Above
[ ]   Other

DAVID ALAN EZRA
U.S. District Judge

JAN 2 9 2008
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended.  By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel.  I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]   To modify the conditions of supervision as follows:

**General Condition:**   That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

**Special Conditions:**   10)  That the defendant is prohibited from possessing or accessing any computer or computer network that can, or has had, access to the Internet, unless it is work-related and shall not frequent places where the Internet is available for public use without, the prior approval of the Probation Office.

11)  That the defendant is prohibited from possessing and accessing any computer hardware and software or any other electronic device, including WebTV, that facilitates access to electronic mail (e-mail), web browsers, and Internet services, unless it is work-related, without the prior approval of the Probation Office.

Witness: _____
LISA K.T. JICHA
U.S. Probation Officer

Signed: _____
DAVID ZERFOSS
Supervised Releasee

_____
1/16/08
Date